IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELLIE B. HARRIS, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-04-4807 |
| FRESENIUS MEDICAL CARE, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

On January 16, 2007, this case was set for trial on the claims by the plaintiff, Shellie B. Harris, that she was retaliated against for complaining about discrimination in the workplace. Just before jury selection was to begin, Harris moved to dismiss that claim against her employer, Fresenius Medical Care, and her former supervisor, Nelia Soledad, with prejudice. The defendants did not oppose the dismissal. Harris's discrimination claims had been dismissed on summary judgment. This court entered final judgment in favor of the defendants, awarding them costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure.

In addition to $7,363.49 in requested costs, Fresenius also moves to recover $52,569 in attorneys' fees under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988(b). (Docket Entry Nos. 87 & 88). Soledad has submitted a bill of costs for $1,847.31. (Docket Entry No. 86). Harris has not responded.

Based on a careful review of the motion, the record, and the applicable law, this court

grants in part and denies in part Fresenius's motion for attorneys' fees. This court finds that attorneys' fees should be awarded, but in a reduced amount. This court awards Fresenius $3,000.00 in attorneys' fees, and assesses costs in the amount of $7,363.49 for Fresenius and $1,847.31 for Soledad. The reasons for these rulings are set out below.

**I.     Background**

Harris, who is African-American, worked as a Patient Care Technician at a Fresenius dialysis center in Houston, Texas, beginning in March 2002. In May 2002, Harris requested and was granted a change in her employment status from full-time to part-time. Harris became unable to work because of "family reasons" in the fall 2002 and her employment was terminated, although she remained eligible for rehire. Harris returned to work part-time in December 2002. She alleged that she was promised a full-time position when one became available. Harris's employment did not change to full-time until July 2003 and she did not receive the first full-time position that became available; that job went to a Filipino woman. Between March 2003 and July 2003, Harris made several complaints to management and the EEOC about not receiving the first-available full-time position. Harris alleged that the delay in promoting her to full-time was because of her race and national origin.

Harris sued Fresenius and her supervisor, Nelia Soledad, under Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging that the delay in changing her employment from part-time to full-time in 2003 resulted from race and national-origin discrimination. She also alleged that the defendants retaliated against her for complaining about the

2

discrimination. Harris asserted state-law claims for constructive discharge; intentional infliction of emotional distress; negligent hiring, supervision, training, and retention; and tortious interference with a prospective business relationship. This court granted the defendants' summary judgment motions on all Harris's claims except the claim that she was retaliated against when Soledad gave her a negative employment reference. Harris dismissed that claim just before trial was to begin.

Fresenius moves for the recovery of its attorneys' fees under Title VII, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988(b). Fresenius seeks recovery of the fees associated with all the claims dismissed at summary judgment, except the claim of discriminatory failure to promote. (Docket Entry No. 88 at 3). Fresenius argues that these claims were frivolous, unreasonable, and groundless. Fresenius states that it incurred $105,138 in attorneys' fees defending this suit until the July 24, 2006 memorandum and order on summary judgment. Indicating the difficulty in apportioning specific fee amounts for specific claims, Fresenius requests half the amount it incurred, $52,569. Fresenius submits the affidavit of its counsel, Katherine Flanagan of Littler Mendelson, P.C., who provided a summary of monthly billing statements and the hourly rates of the attorneys and one paralegal who worked on the case. (Docket Entry No. 88, Ex. A). Flanagan also summarized the work performed in defending the case, which included answering the complaint, conducting discovery, deposing Harris and other witnesses, and preparing the summary judgment motion. (*Id.*).

**II.     Analysis**

### A.     The Motion for Attorneys' Fees

Prevailing defendants are entitled to attorneys' fees under Title VII or under section 1988 "only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  A suit is frivolous only if it is "so lacking in arguable merit as to be groundless or without foundation." *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999).  Attorneys' fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying suit was "vexatious, frivolous, or otherwise without merit." *Dean*, 240 F.3d at 508.  The mere dismissal of a plaintiff's case does not establish that the claim itself was unreasonable, frivolous, or groundless, and the burden of showing these underlying factors remains on the defendant. *Id.* at 512.  The stringent standard "is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Myers v. City of West Monroe*, 211 F.2d 239, 292 n.1 (5th Cir. 2000) (citation omitted).

The court may consider the following factors in determining whether a plaintiff's civil rights action is frivolous:  (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial. *Id.* at 292. The dismissal of a plaintiff's claims before they reach the jury is insufficient by itself to support a finding of frivolity. *See id.* at 293.  "When a plaintiff

presents some credible evidence to prove his claim, he has shown that his case has colorable merit; consequently, the prevailing defendant is not entitled to attorney's fees." *Hahn v. City of Kenner*, 1 F. Supp. 2d 614, 617 (E.D. La. 1998) (citing *Vaughner v. F.J. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986)).

In this case, all but one of Harris's claims were dismissed at summary judgment. This court dismissed the Title VII terms-and-conditions claim because Harris had failed to exhaust her administrative remedies. (Docket Entry No. 51 at 31–34). Harris failed to meet the *prima facie* burden as to her section 1981 terms-and-conditions claim because she failed to point to or present any evidence that would raise a fact issue as to whether she suffered an adverse employment action or was disparately disciplined. This court granted summary judgment on Harris's retaliation claims (except the claim based on the negative employment reference) because she did not raise a fact issue of a causal connection and because many of the alleged adverse employment actions did not meet the standard set forth in *Burlington*. (*Id.* at 37–42). The constructive-discharge claim was dismissed because Harris had not pointed to or presented evidence to create a fact issue as to whether she suffered working conditions that would make her feel compelled to resign. To the contrary, the record showed that she was promoted and received an increase in pay commensurate with that promotion, and the record showed no evidence of harassment. (*Id.* at 42–44). Harris's state-law claims for intentional infliction of emotional distress and tortious interference with a prospective business relationship were also dismissed based on a lack of evidence that would give rise

to a disputed fact issue. The negligent hiring, supervision, training, and retention claim was barred by the exclusive-remedy provision of the Texas Workers' Compensation Act.

Under the standard followed in this circuit, the reasonableness of a plaintiff's claims must be assessed as of the time of filing suit. *See Holloway v. Walker*, 784 F.2d 1294, 1296 (5th Cir. 1986). In April 2004, the EEOC issued a determination letter as to Harris's failure to promote claim. (Docket Entry No. 44, Ex. 1 at 1). The EEOC found that Soledad had "discretionary hiring authority"; had been counseled about her "tendency to treat Filipino employees preferentially"; and that Fresenius applied its "reinstatement policy differently to [Harris] . . . in March 2003." (*Id.*). The EEOC found "reasonable cause to believe" that Fresenius failed to promote Harris to a full-time position because of her race. In September 2004, the EEOC issued Harris a Notice of Right to Sue.

In the July 24, 2006 memorandum and order, this court admitted the EEOC determination letter over the defendants' objection. (Docket Entry No. 51 at 18–23). Courts in this circuit have viewed EEOC findings as evidence of discrimination. *McClure v. Mexia Indep. Sch. Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) ("EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings as probative of a claim of employment discrimination at issue in the civil proceedings."); *see also Lindsey v. Prive Corp.*, 161 F.3d 886, 894 (5th Cir. 1998). In this case, however, the EEOC's determination letter addressed Harris's claim of failure to promote; the EEOC did not make a finding as to other allegations of discriminatory

treatment. Fresenius does not seek attorneys' fees for the failure to promote claim. (Docket Entry No. 88 at 3 n.1). This court finds that Harris's other claims that were dismissed on summary judgment were unfounded or precluded by law. Harris neither pointed to nor provided any evidence that she was constructively discharged, for example, or to support her emotional-distress claim. Based on the standard set forth in this circuit, those claims were "so lacking in arguable merit as to be groundless or without foundation." *Walker*, 168 F.3d at 240. An award of attorneys' fees is appropriate in this case.

**B.     The Amount of Attorneys' Fees**

Once a court has determined that a defendant is entitled to attorneys' fees, then it must determine the amount. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000), *cert. denied*, 533 U.S. 929 (2001). The calculation of reasonable attorneys' fees is a two-step process. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, under the twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether

the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See id.* A court also examines the hours incurred to determine whether the attorney demonstrated adequate billing judgment by "[writing] off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

Fresenius has not distinguished among the fees it incurred for the different claims. Instead, Fresenius reasons that because it incurred over $100,000 in fees from the inception of the case until the ruling on summary judgment, and because more than half of Harris's claims were dismissed on summary judgment, Fresenius's request for half its fees is reasonable. (Docket Entry No. 88 at 7). Neither Flanagan's affidavit nor the billing documents attached to the affidavit shows how many hours each attorney and the paralegal devoted to this case. Nor does Flanagan indicate the extent to which work on Harris's claims precluded her from other employment. This case presented no novel or unique claim. The time between the complaint's filing to this court's summary judgment ruling was approximately 1.5 years. Based on the skill necessary to perform the different functions required to defend a civil rights action, the reputation and ability of the attorneys, and the fees charged for similar work among Houston lawyers, this court finds that $324 per hour in 2006 is a reasonable hourly rate for the services of Katherine Flanagan, and that $202.50

in 2006 is a reasonable hourly rate for the services of Jennifer Buckley, a fourth-year associate. (*Id.*, Ex. A). Lisa Blansit, a paralegal, billed at $117 per hour in 2006; the affidavit does not provide her experience level. While an award of attorneys' fees may include reimbursement for paralegal work if the work is traditionally done by an attorney, purely clerical or secretarial tasks should not be billed at a paralegal rate, no matter who performs them. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 & n.10 (1989).

In calculating the amount of attorneys' fees in this case, this court takes into account the higher standard required of prevailing defendants seeking attorneys' fees in civil rights cases, as well as the purposes such awards serve. An award to a prevailing plaintiff is intended to make it easier for a plaintiff of limited means to bring a meritorious suit; an award to a prevailing defendant is intended to deter unfounded lawsuits, not to make the defendant whole. *See Christiansburg*, 434 U.S. at 420. This court finds that a considerable downward adjustment of the requested amount is merited in this case.

Fresenius has not provided evidence of the number of hours each lawyer and paralegal worked on this case, making the lodestar calculation difficult. Fresenius has not argued that the work in this case was particularly complex, or that the case took great deal of time to resolve. The award should be adequate to deter baseless civil rights actions, but should not have a "chilling effect on the enforcement of civil rights." *Myers*, 211 F.3d at 292 n.1. Considering the nature of the case, this court adjusts the requested amount downward to $3,000.00.

**C.  Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the district court otherwise directs." FED. R. CIV. P. 54(d)(1). There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006). Recoverable costs include the following:

> (1)  Fees of the clerk and marshal;
>
> (2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)  Fees and disbursements for printing and witnesses;
>
> (4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5)  Docket fees under section 1923 of this title;
>
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Each of the expenses itemized in Fresenius's bill of costs falls within the recoverable categories. (Docket Entry No. 88, Ex. A). Flanagan's affidavit provides that each of the costs incurred was reasonable and necessary to defending this case. The itemization includes costs of court reporters and transcripts, costs for obtaining discovery, and printing costs.

This court agrees that the costs assessed were reasonable and necessary to the defense of this case. Accordingly, costs in the amount of $7,363.49 are assessed in favor of Fresenius.

Soledad also seeks costs in the amount of $1,847.31 for court reporter fees, transcript costs, and copies. (Docket Entry No. 86). For reasons similar to those stated above, this court finds that Soledad's requested costs were reasonable and necessary to the defense of this suit. Costs are assessed in that amount.

### D. 28 U.S.C. § 1927

"Section 1927 of the Judicial Code authorizes the imposition of sanctions in the form of attorney's fees and costs *against an attorney* who engages in improper litigation conduct." *Religious Tech. Ctr. v. Libreich*, 98 Fed. App'x 979, 983 (5th Cir. 2004) (emphasis in original). Section 1927 reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The sanctions available under section 1927 exist to discourage frivolous lawsuits, arguments, and appeals. *See Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995). At the same time, courts must "remain mindful that § 1927 sanctions are 'penal in nature, and in order not to dampen the legitimate zeal of an attorney in representing his client, § 1927 is strictly construed.'" *Libreich*, 98 Fed. App'x at 984 (quoting *Travelers Ins. Co. v. St. Jude Hosp.*, 38 F.3d 1414, 1416 (5th Cir. 1994)). To that end, sanctions against

counsel are appropriate only if counsel's conduct "was both 'unreasonable' and 'vexatious'; and even then, counsel may be ordered to pay personally only the 'excess' costs, expenses, and attorney's fees generated by their conduct." *Id.*

This court finds that counsel's decision to assert race and national-origin discrimination claims based on the terms and conditions of employment and the numerous state-law claims, was both unreasonable and vexatious. One of Harris's claims had not been administratively exhausted and several others lacked merit; Harris failed to make a *prima facie* showing as to many of them. Although success is difficult to predict at the beginning of a suit, *see Christiansburg*, 434 U.S. at 421, the reasonableness of a plaintiff's claim must be assessed as of the time of filing suit. *Holloway*, 784 F.2d at 1296. Harris's counsel, Ms. Allison, pursued claims that should not have been brought. Allison knew or should have known, for example, that the terms-and-conditions claim under Title VII had not been presented to the EEOC. Other claims lacked any merit or were barred by statute. In light of Harris's dependence on her counsel, this court finds that, rather than assessing Harris's counsel a separate sanction, it is appropriate to impose the attorneys' fee award against Allison, rather than against Harris.

Section 1927 provides that only *excess* costs may be assessed against an attorney. *See* 28 U.S.C. § 1927. Neither Fresenius nor Soledad has distinguished which costs are attributable to which claims. Because Harris presented evidence of the failure to promote claim and the retaliation claim based on the negative employment reference, this court

12

cannot separate the costs incurred for work on the unfounded claims from those costs incurred for work on legitimate claims. Accordingly, costs are assessed against Harris, not her counsel.

## III.     Conclusion

Counsel for Harris, Boma O. Allison, must pay a reduced amount of Fresenius Medical Care's attorneys' fees in the amount of $3,000.00. The plaintiff, Shellie B. Harris, must pay Fresenius's costs, in the amount of $7,363.49, and Soledad's costs, in the amount of $1,847.31. The attorneys' fees and costs must be paid no later than July 27, 2007.

SIGNED on May 4, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge